UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81092-CIV-MARRA

UNITED STATES OF AMERICA,

 Plaintiff,
vs.

JOSEPH M. SPERDUTO and
RENEE L. SPERDUTO,

 Defendants.
_____/

## ORDER AND OPINION GRANTING MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon the United States' Motion for Default Judgment Against Joseph M. Sperduto and Renee L. Sperduto [DE 14] ("Motion for Default Judgment"). The Court has carefully considered the Motion for Default Judgment, the entire Court file and is otherwise fully advised in the premises.

Joseph M. Sperduto and Renee L. Sperduto ("Defendants") were served on June 26, 2021. DE 5, 6. Defendants failed to file an appropriate motion or responsive pleading within the time prescribed by law, and the Clerk of the United States District Court for the Southern District of Florida entered a Clerk's Default (DE 13) on July 20, 2021.

### Default Judgment Standard

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this has occurred, "the party must apply to the

court for a default judgment." Fed. R. Civ. P. 55(b)(2). The clerk's entry of default causes all well-pleaded allegations of fact to be deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). If the Court determines that default judgment can be granted, the Court then turns to the issue of damages. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). If, in order to enter or effectuate judgment, it is necessary to conduct an accounting to determine the amount of damages, the court may conduct hearings or make referrals as it deems necessary and proper. Fed. R. Civ. P. 55(b)(2). However, the Court may award damages without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation," and there is "a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

**Facts**

Revenue Officer Christopher Cavallo ("Cavallo") has the duty to investigate assets of taxpayers and to forward recommendations to commence suit to collect taxes and enforce federal tax liens to the United States Department of Justice. Declaration of Revenue Officer Christopher Cavallo ("Cavallo Decl.") (DE 14-3), ¶ 2. Cavallo was assigned to investigate the 2014 to 2017 federal income tax liabilities of

Joseph M. Sperduto and Renee L. Sperduto.  *Id*.  Through his training and experience as a Revenue Officer, Cavallo is familiar with IRS recordkeeping procedures, including the IRS's methods of keeping files related to the collection of outstanding liabilities. Cavallo Decl., ¶ 3.

Cavallo's training and experience have also made him familiar with the IRS's computer system for storing and tracking information about taxpayer's accounts. That computer system is called the Integrated Data Retrieval System ("IDRS").  As transactions (such as assessments or payments) occur on a taxpayer's account for a particular tax period, the transactions are electronically recorded in IDRS.  The IDRS entries are made automatically in some cases.  If they are made manually, IRS policy requires them to be made by, or at the direction of, a person who has personal knowledge of the transaction being recorded.  IDRS records are created and maintained in the regular course of IRS business.  Cavallo Decl., ¶ 4.

IDRS has different "modules," or computer commands, to perform different calculations and display return information as the IRS requires.  Cavallo uses IDRS for various functions almost every working day.  Employees throughout the IRS rely on IDRS as a record of taxpayers' accounts.  Cavallo Decl., ¶ 5.

Account transcripts are automatically created when an IRS employee uses IDRS to look up information about the taxpayer's account for a particular period.  In other words, an account transcript is a way for the IRS to show information contained on IDRS at the time the account transcript is created.  Account transcripts accurately reflect information contained on IDRS at the time the transcript is created, including

assessments and payments. They are kept in the ordinary course of the IRS's regularly conducted activities and it is the regular practice of the IRS to maintain these transcripts. Cavallo Decl., ¶ 6.

The allegations in the Complaint, supported by a detailed declaration of Revenue Officer Christopher Cavallo, which the Court accepts as true, establishes that Defendants have the following tax liabilities:

| Tax Year | Assessment Date | Tax | Interest | Penalties |
|---|---|---|---|---|
| 2014 | November 6, 2015 | $945,674.00 | $13,474.56 | $12,554.00 |
| | | | | $30,233.12 |
| | March 20, 2017 | $4,130.00 | | |
| | April 24, 2017 | | $33,368.36 | $90,424.83 |
| | November 12, 2018 | | $48,350.70 | $29,505.75 |
| | June 10, 2019 | | | $480.00 |
| 2015 | May 30, 2016 | $749,372.00 | $2,758.39 | $9,697.00 |
| | | | | $5,595.26 |
| | November 12, 2018 | | $63,505.43 | $134,286.24 |
| 2016 | February 19, 2018 | $627,083.00 | $14,871.73 | $4,243.56 |
| | | | | $23,627.28 |
| | January 2, 2017 | | | $800.00 |
| 2017 | November 19, 2018 | $422,422.00 | $7,077.45 | $2,719.40 |
| | | | | $9,339.68 |

Cavallo Decl., ¶ 7.

The IRS routinely uses the INTST-D module to track up-to-date interest and failure-to-pay penalty calculations for a tax period where the taxpayer owes a balance. IDRS performs interest computations by applying the correct interest rate, compounded daily. After confirming the assessments described above, Cavallo used the INTST-D module in IDRS to compute the unpaid balance of those assessments, plus

accrued interest and statutory additions through August 4, 2021, for each tax period. The INTST-D printouts show that the unpaid balance of the assessments, plus interest and statutory additions, are as follows:

| Tax Year | Tax & Penalties | Assessed Penalties | Assessed Interest | Unassessed Accruals | Total |
|---|---|---|---|---|---|
| 2014 | $36,278.83 | $150,163.70 | $95,193.62 | $45,268.82 | $326,904.97 |
| 2015 | $569,243.00 | $139,881.50 | $66,263.82 | $98,302.27 | $873,690.59 |
| 2016 | $434,650.56 | $23,627.28 | $14,871.73 | $162,932.25 | $636,081.82 |
| 2017 | $60,211.40 | $9,339.68 | $7,077.45 | $31,128.35 | $107,756.88 |
| Total | | | | | $1,944,434.26 |

Cavallo Decl., ¶ 8.

Recently, Cavallo filed a supplemental Declaration to provide an up-to-date calculation of Defendants' assessed but unpaid federal income taxes for tax years 2014, 2015, 2016, and 2017. That amount is $1,951,318.24 as of September 16, 2021. See DE 15-2.

**Conclusion**

Having reviewed the complaint and declarations filed by the United States, the record reveals the amount claimed is a liquidated sum or one capable of mathematical calculation, and there is a demonstration by detailed declaration establishing the necessary facts. Therefore, the Court finds that the United States is entitled to a Default Final Judgment as a matter of law. As Defendants have defaulted, the Court finds that the United States is entitled to the entry of judgment on the issue of liability for unpaid taxes, interest, penalties, and unassessed accruals as of September 16, 2021, in the amount of $1,951,318.24.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that the United States' Motion for Default Judgment Against Joseph M. Sperduto and Renee L. Sperduto [DE 14] is **GRANTED**.  The Court will enter a final default judgment by separate Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of September, 2021.

KENNETH A. MARRA
United States District Judge